STATE OF NEBRASKA, EX REL. FRANK N. PROUT, ATTORNEY GENERAL, V. NORTHWESTERN TRUST COMPANY.

FILED OCTOBER 20, 1904.   No. 13,606.

1. **Instalment Investment Company.** If the organization of a corporation and its plan of doing business involve receiving from each of its members a stated sum at stated intervals until a specified amount is received from such members, and investing this money in property for the benefit of its members, it is an instalment investment company within the meaning of chapter 29, laws of 1903. Compiled Statutes, chapter 16, sections 216-227.

2. **Power of Legislature.** It is competent for the legislature to provide for publicity of the condition and business methods of such corporations, and to make reasonable classification of corporations, companies and individuals for that purpose.

3. **Constitutional Law.** The statute in question is not in violation of article III, or of section 1 of article VI, of the constitution, nor does it give the state banking board such arbitrary powers as to be unconstitutional for that reason.

ORIGINAL action in the nature of quo warranto to oust respondent of its franchise. Heard on demurrer to answer of respondent. *Demurrer sustained. Judgment of ouster.*

*Frank N. Prout, Attorney General,* and *Norris Brown,* for relator.

*A. L. Knabe, contra.*

35

SEDGWICK, J.

This is an original action in this court to oust the defendant corporation of its franchise and annul its powers and privileges. As ground for these proceedings, it is urged by the attorney general that the defendant is an instalment investment company, and has not procured from the state banking board a certificate of approval as the statute requires. The question is presented upon a general demurrer to the answer of the defendant. In the answer it is confessed that no application has been made to the state banking board for its certificate. of approval. It is insisted by the defendant that the defendant is not an instalment investment company within the meaning of the statute, and that the statute in question is unconstitutional and void.

1. The defendant shows the plan and scope of its organization and business in its answer. A copy of its contracts with its members is. attached thereto. By this plan the defendant collects from its members $5 a month, and obligates each member to pay $5 a month for 30 months, and thereafter $15.70 a month until $1,000 are paid. This money is to be invested in homes for the benefit of the members. The statute in question is entitled "An act to provide for the government, regulation, examination, reporting and winding up of the business of certain corporations, associations, companies, copartnerships and individuals engaged in the business of raising money from members or others, by means of stated instalments or payments, to be held, invested or disbursed in accordance with certain plans or schemes; to designate such corporations, associations, companies, copartnerships or individuals as instalment investment companies." The first section of the act provides: "Every association * * * which is or shall be organized for the purpose of raising money from its members or others, by means of stated instalments or payments, to be held, invested or disbursed by said association, whether the money so contributed is

paid in for shares in such association, or is held by the association for investment and accumulation for the benefit of the contributors, or as an advance on merchandise, or property of any kind, to be delivered in the future, or is held by the association to be disbursed among the contributors, or any of them, in accordance with any agreed plan or scheme, and whether the relation of the contributor to the association be that of a member, shareholder, vendee, creditor or beneficiary of a trust; * * * shall be known for the purposes of this act, as an instalment investment company." Laws of 1903, chapter 29; Compiled Statutes, chapter 16, sections 216-227 (Annotated Statutes, 6649-6660).

There can, of course, be no question that the defendant company is within the purpose of the act as disclosed in the title, and within the language of the act itself as shown in the foregoing quotation. The defendant suggests that the money contributed by the members "never in any event becomes the property of the defendant," and seems to urge that because of this fact it is not an instalment investment company. Of course, this fact is made immaterial by the express language of the statute. If the corporation is "organized for the purpose of raising money from its members by means of stated instalments or payments," and the money so raised is either held, invested, or disbursed by the corporation for the benefit of the contributors, or among the contributors or any of them, "in accordance with any agreed plan or scheme," the company "shall be known for the purpose of this act as an instalment investment company."

2. The statute exempts building and loan associations, savings banks, insurance companies, and fraternal beneficiary associations from its provisions. This is said by the defendant to render the statute repugnant to the 14th amendment of the constitution of the United States. The reason for this conclusion seems to be that the companies and associations so exempted "may engage in an instalment investment business without requiring them to ob-

tain the permission of the banking board, or subject them to penalties imposed by the statute." It is urged that the business of these companies by its very nature is within the spirit of the statute, and that as such companies are generally organized and conduct their business, they would ordinarily come within the letter of the statute also. There might be some reason to question the policy of the statute if these exempted companies and associations were relieved from supervision by the state. The legislature has provided by other statutes for their regulation and supervision, which is the manifest reason for exempting them from the provisions of this statute. The classification attempted by the legislature is not unreasonable and arbitrary, and no sufficient objection is urged to the power of the legislature to make such classification. It cannot therefore be said that any discrimination in that respect has been made against instalment investment companies as they are defined in this statute.

3. Again, it is urged that the statute in question is in violation of article III, and section 1 of article VI, of the constitution of this state. This thought is derived from the supposition that by this statute the state banking board is given judicial powers. The statute does not confer judicial powers on the state banking board. *Crawford Co. v. Hathaway*, 67 Neb. 325.

It is also objected that the 9th section of the act gives the state banking board arbitrary power to revoke the certificate of approval, and that the "action of the board so taken shall be sufficient authority for the appointment of a receiver," but this is not the meaning of the section in question. The provision is that, if it appear that grounds therefor exist, the board shall revoke the certificate; that is, if the grounds provided by statute for such revocation exist, and the facts are made to appear to the board, they shall revoke the certificate; and the further provision is that the attorney general shall apply to the proper court for the appointment of a receiver, and, if such fact or facts be made to appear (that is, to

the court), it shall be sufficient to authorize the appointment of a receiver, etc. The objections urged to the statute might be urged generally to other similar statutes to regulate building and loan associations and fraternal insurance associations and others. These objections are not very extensively argued or strenuously insisted upon in the brief, and we cannot see that the statute should be held unconstitutional for any of the reasons presented by the defendant. It follows that the defendant, not having complied with these provisions, is transacting its business unlawfully. It is urged by the attorney general that the scheme of the defendant is such as to bring it within the prohibition of our statute against lotteries; and that the defendant's business is unlawful because it involves the entering into contracts which cannot be performed on the part of the defendant. It does not appear to be necessary to examine and discuss those questions in advance of the action of the state banking board.

The demurrer to the answer is sustained, and judgment of ouster will be entered as prayed.

JUDGMENT OF OUSTER.